UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In the Matter of the Arbitration Between:
MEGHAN BROWN,

                        Petitioner,

            - against -

JPMORGAN CHASE BANK, N.A., JP MORGAN SECURITIES LLC.

                        Respondent.

-------------------------------------------------------------x

Case No. 22-01538

**PETITION FOR AN ORDER CONFIRMING ARBITRATION AWARD**

## NATURE OF THE ACTION

1. Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Petitioner Meghan Brown ("Brown" or "Petitioner"), by her attorneys, The Law Offices of Neal Brickman., P.C., petitions this Court for an Order confirming the Arbitration Award (the "Arbitration Award"), dated July 24, 2024 in favor of the Petitioner, made by an arbitrator for the Financial Industry Regulatory Authority (the "FINRA Arbitrator") after an evidentiary hearing.

2. Subject to the confirmation of this Court, the FINRA Arbitrator recommends that the Termination Explanation contained in question 3 of Petitioner's Form U-5 as filed under Filing be changed in its first sentence to: "Non-securities related." Therefore, pursuant to FINRA Rule 2080, Petitioner is seeking to obtain confirmation of the Arbitration Award from this court of competent jurisdiction to complete the expungement.

## PARTIES

3. Petitioner Meghan Brown is an individual currently residing within the State of Florida.

1

4. Respondent JP Morgan Chase Bank, N.A. is an American national bank headquartered in New York City, that constitutes the consumer and commercial banking subsidiary of the U.S. multinational banking and financial services holding company of JPMorgan Chase & Co.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this matter as it arises under the Federal Arbitration Act, 9 U.S.C. § 9.

6. Venue is properly laid with the United States District Court for the Southern District of New York pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and 28 U.S.C. § 1391 as the substantial activities in the matter arose in New York and both defendants would be subject to personal jurisdiction in New York.

## BACKGROUND

7. On February 22, 2023, Brown filed a Statement of Claim and commenced a Financial Industry Regulatory Authority arbitration proceeding (the "FINRA Arbitration") which asserted claims of (a) breach of contract; (b) wrongful termination and retaliation in violation of Florida State Law §448.102 (or in the alternative in violation of New York State Law §215); (c) defamation; (d) tortious interference with prospective economic advantage and; (e) expungement of the defamatory statement on Claimant's U-5. expungement of from her CRD pursuant to FINRA Rule 2080(b)(1)(C).

8. Claimant requested compensatory damages of not less than $308,333; punitive damages not less than $500,000; interest, reasonable costs, attorneys' fees and Expungement of Claimant's U-5 filed and replacement of language which explained that Brown was Termination "for overall job performance" be amended to exclude any reference to performance.

9. By Agreement dated July 10, 2024, the parties disposed of all causes of action and requests for relief other than the issue of Expungement of Claimant's U-5 and an evidentiary hearing on expungement on July 15, 2024.

10. In recommending expungement, the FINRA arbitrator made the following specific findings of fact in full and final resolution that the Termination Explanation in question 3 in the Form U-5 be changed in its first sentence as follows: "Non-securities related."

11. Pursuant to Rule 13805 of the Code, the Arbitrator made the following Rule 2080 affirmative finding of fact:

(a) The claim, allegation, or information is factually impossible or clearly erroneous and the expungement would have no material adverse effect on investor protection, the integrity of the CRD system or regulatory requirements.

(b) The Arbitrator recommends granting expungement based on the following factors supporting that the claim, allegation or information is factually impossible or clearly erroneous. The evidence demonstrated that Claimant was terminated in retaliation for Claimant complaining that the Respondents were not paying Claimant her agreed upon compensation. (A true and correct copy of the Arbitration Award attached hereto as **Exhibit A**.)

FINRA Rule 2080 requires that "persons petitioning a court for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as

an additional party and serve FINRA with all appropriate documents unless this requirement is waived."[1]

## **CLAIM FOR RELIEF**

(*Confirmation of Arbitration Award*)

12.     Petitioner repeats and realleges each and every allegation contained in the above paragraphs, inclusive, and incorporates them hereby by reference.

13.     Pursuant to 9 U.S.C. § 9, this Petition is timely brought within one year of the delivery of the Arbitration Award to Petitioner.

14.     The Arbitration Award has not been vacated, modified or corrected by order of any court of competent jurisdiction and is still in full force and effect.

15.     Pursuant to 9 U.S.C. § 9, Petitioner is entitled to a judgment confirming the Arbitration Award recommending the expungement of petitioners Form U-5.

**WHEREFORE**, Petitioner respectfully requests that this Court enter an Order confirming the Arbitration Award and directing FINRA to execute the arbitrator's expungement directive that the Termination Explanation in question 3 in the Form U-5 be changed in its first sentence as follows: "Non-securities related."

---

[1] On May 23, 2025, Petitioner submitted a request pursuant to FINRA Rule 2080 for a waiver of the requirement to name FINRA as a party in a judicial proceeding seeking confirmation of an arbitration award. On June 5, 2025 FINRA stated "Rule 2080 does not apply in this case because the underlying disclosure is related to termination information and not customer dispute information. Therefore, there is no Rule requiring FINRA to be named."

Dated: July 8, 2025
New York, New York

**THE LAW OFFICES OF NEAL BRICKMAN, P.C.**

/s/ Jason A. Stewart
Jason A. Stewart, Esq.
420 Lexington Avenue, Suite 2811
New York, NY 10107
(212) 986-6840
*jason@brickmanlaw.com*
*Attorney for Petitioner Meghan Brown*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In the Matter of the Arbitration Between: :
MEGHAN BROWN, :
 :
       Petitioner, : Case No.
 :
  - against - : **NOTICE OF PETITION TO**
 : **CONFIRM AN ARBITRATION**
JPMORGAN CHASE BANK, N.A., JP MORGAN : **AWARD**
SECURITIES LLC. :
 :
       Respondent. :
-------------------------------------------------------------x

## NOTICE OF PETITION TO CONFIRM ARBITRATION AWARD

**PLEASE TAKE NOTICE** that, upon the accompanying Petition to Confirm Arbitration Award, and accompanying documents Petitioner Meghan Brown ("Petitioner") , by its undersigned attorneys, will petition the Court at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, NY 10007, at a date and time to be determined by the Court, for an order (a) pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, confirming an arbitration award issued by the Financial Industry Regulatory Authority ("FINRA") in the FINRA Case: *Meghan Brown v JP Morgan Chase Bank, N.A., JP Morgan Securities LLC.* Case No. 22-01538 on July 15, 2024 (the "Arbitration Award") and transmitted to Petitioner and Respondents on July 15, 2024 recommending expungement to Petitioner's Form U-5.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 9 U.S.C. § 6 and Local Rule 6.1(b), answering papers, if any must be served within 14 days after service of this Petition.

Dated: New York, New York
July 8, 2025

**THE LAW OFFICES OF NEAL BRICKMAN, P.C.**

By:    <u>/s Jason Stewart</u>
       Jason A. Stewart, Esq.
       420 Lexington Avenue, Suite 2811
       New York, New York 10170
       Tel: (212) 986-6840
       Email: Jason@brickmanlaw.com
       *Attorneys for Petitioner*