AMERICAN ARBITRATION ASSOCIATION
Employment Arbitration Tribunal

In the Matter of the Arbitration between

Meghan Brown,                                    Case Number: 01-23-0000-7568

Claimant,

 -v-

JP Morgan Chase Bank, N.A.; JPMorgan Securities LLC
 and Elizabeth Weikes,

Respondents.
_____/

## FINAL AWARD

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated October 17, 2014, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, does hereby AWARD as follows:

### CASE INFORMATION

Statement of Claim filed on or about: February 22, 2023.
Statement of Answer filed by Respondents on or about March 20, 2023.
Arbitration Hearing held on July 15, 2024.

Counsel appearing for the parties:
For Claimant:  Neal Brickman, Esq. and Jason A. Stewart, Esq., from
 the Law Offices of Neal Brickman, P.C.
For Respondent:  Jeffrey Dunlap, Esq. and Susan L. Joplin, Esq., from UBGreensfelder LLP

### CASE SUMMARY

In the Statement of Claim, Claimant asserted the following causes of action: breach of contract; wrongful termination and retaliation in violation of Florida State Law §448.102 (or in the alternative in violation of New York State Law §215); defamation, tortious interference with prospective economic advantage and expungement of the defamatory statement on Claimant's U-5.

Unless specifically admitted in the Statement of Answer, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested compensatory damages of not less than $308,333; punitive damages to be determined at arbitration but not less than $500,000; interest, reasonable costs, attorneys' fees and Expungement of Claimant's (CRD# 6059518) U-5 filed under Filing ID 56652852 and replacement of language which states the Termination Explanation as "Non-Securities related. Registered Rep was terminated for overall job performance" be amended to exclude any reference to performance.

In the Statement of Answer Respondents requested an award in Respondents' favor, and that Respondents be awarded their attorney's fees, costs, expenses and any other relief deemed just and equitable.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrator acknowledges that he has read the pleadings and other materials filed by the parties.

By Agreement dated July 10, 2024, the parties disposed of all causes of action and requests for relief other than the issue of Expungement of Claimant's (CRD# 6059518) U-5 filed under Filing ID 56652852. The undersigned held an evidentiary hearing on expungement on July 15, 2024.

In recommending expungement, the Arbitrator relied upon the following documentary or other evidence: Claimant's testimony, Respondents' witnesses' testimony, the documentary exhibits offered at hearing and Respondents' lack of objection to Claimant's request for expungement.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and along with any post-hearing submissions, the Arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

    1. The Arbitrator recommends that the Termination Explanation in question 3 in the Form U-5 of Meghan Brown (CRD# 6059518) as filed under Filing ID 56652852 be changed in its first sentence as follows: "Non-securities related."

The above recommendation is made with the understanding that Claimant Meghan Brown (CRD# 6059518) must obtain confirmation of this award from a court of competent jurisdiction before the CRD will execute the expungement directive. The registration records are not automatically amended to include the change indicated above. Claimant Meghan Brown must forward a copy of the Court Order to FINRA's Registration and Disclosure Department for the amendment to be incorporated into the registration records.

Unless specifically waived in writing by FINRA, parties seeking judicial conformation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code, the Arbitrator has made the following Rule 2080 affirmative finding of fact:

The claim, allegation, or information is factually impossible or clearly erroneous and the expungement would have no material adverse effect on investor protection, the integrity of the CRD system or regulatory requirements.

The Arbitrator recommends granting expungement based on the following factors supporting that the claim, allegation or information is factually impossible or clearly erroneous. The evidence demonstrated that Claimant was terminated in retaliation for Claimant complaining that the Respondents were not paying Claimant her agreed upon compensation.

The administrative fees and expenses of the American Arbitration Associating totaling $3,200.00 shall be borne as incurred, and the compensation and expenses of the Arbitrator totaling $6,920.84 shall be borne as incurred.

## CONCLUSION

This Award is in full settlement of all claims submitted to this Arbitration and shall constitute the Final Award.

All other claims not expressly granted herein are hereby denied.


July 24, 2024  _____
Date   David Lichter, Arbitrator


I, David Lichter, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.


July 24, 2024  _____
Date   David Lichter, Arbitrator